**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |  |
|---|---|---|
| NOLAN E. KLEIN, | ) | |
| | ) | |
| Petitioner, | ) | **3:04-CV-0049-ECR-RAM** |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| JACKIE CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This matter comes before the Court on respondents' second Motion to Dismiss the petition (#19). Klein has opposed the motion (#21) and respondents have replied (#26).

The procedural history of this matter was set out in the Court's Order of December 10, 2004 (#14), and need not be repeated here. Also, in that previous order, respondents were directed to answer the petition and to produce a complete record concerning all the parole decisions – grants and denials, made since Klein was convicted in 1989. Rather than do as directed, respondents sought two extensions of time to file their "answer or motion to dismiss" to the petition. *See* Motions (## 15 and 17). While the Court granted the additional time, the Court's minutes specifically directed that respondents respond to the habeas petition in this case "**as ordered**

1 **in the Court's order entered December 10, 2004."** Respondents did not file an answer, nor did they provide the requisite records.

The second Motion to Dismiss shall be denied.

Klein raises a claim that his due process rights, as guaranteed by the Fourteenth Amendment to the United States Constitution have been violated with respect to the manner in which his sentence and parole eligibility have been handled (#1). Respondents move to dismiss the petition, claiming lack of exhaustion, mootness, and failure to raise a cognizable claim.

<u>Exhaustion</u>

Petitioner's claim is exhausted. The arguments presented by respondents, asserting that specific facts presented here have not been properly federalized, asserting that the federal petition's claims are not exhausted because they cover a different temporal aspect due to Klein's use of the phrase, "as of the date of this petition," and asserting the claim will be further unexhausted once the record of Klein's parole decisions are presented are all unpersuasive and, in fact, border on frivolousness.

The exhaustion doctrine requires a state prisoner to "fairly present[ ]" his or her claims to the state courts before a federal court will examine them. *Picard v. Connor*, 404 U.S. 270, 275 (1971); see also *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir.1989) (discussing fair presentation requirement). "Fair presentation" of a prisoner's claim to the state courts means that the substance of the claim must be raised there. The prisoner's allegations and supporting

2

1 evidence must offer the state courts "a 'fair opportunity' to apply
2 controlling legal principles to the facts bearing upon his
3 constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)
4 (citing *Picard*, 404 U.S. at 276-77).  Only new facts or evidence that
5 places the claims in a significantly different legal posture must
6 first be presented to the state courts. *Vasquez v. Hillery*, 474 U.S.
7 254, 260 (1986); *Hudson v. Rushen*, 686 F.2d 826, 830 (9th Cir.1982),
8 cert. denied, 461 U.S. 916 (1983).

9 As petitioner demonstrates, the petition in state court
10 raised a single claim and presented numerous facts to support that
11 claim. Both the state and federal actions present reference to NRS
12 213.142. Cf. Petition (#1), p. 3a, ¶ with Exhibit 1, p. 6, in support
13 of Motion to Dismiss (#11).  Also, as petitioner demonstrates, the
14 time frames covered "as of the date of the petition" overlaps from
15 state to federal petition.  Moreover, this argument is so attenuated
16 as to pain the Court. Petitioner argues that he has been denied the
17 requisite parole hearings **and** that the parole board has considered him
18 to be serving the wrong sentence during the last four hearings he has
19 received.  Because the basic facts were presented to both the state
20 and federal courts, an passage of time between the dates the petitions
21 were signed does not change the legal posture of the claim presented
22 to the state courts, even if Klein has been before the parole board
23 since he filed his state petition. *Vasquez*, 474 U.S. at 260.

24 Furthermore, fair presentment requires only that the
25 petitioner provide the state court's with an opportunity to review and
26

3

1  decide his claims. *Anderson*, 459 U.S. at 6.  It does not require that
2  the state court's take that opportunity.  *Smith v. Digmon*, 434 U.S.
3  332, 333-334, 98 S.Ct. 257, 258 (1978); *Middleton v. Cupp*, 768 F.2d
4  1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle*, 677 F.2d 427
5  (5th Cir. 1982) and *United States ex rel. Giesler v. Walters*, 510 F.2d
6  887, 892 (3d Cir. 1975).  Klein presented and the Nevada Supreme Court
7  "considered" a proper person Motion for Leave to Proceed in Proper
8  Person outlining his claims.  *See* Exhibit 10 to first Motion to
9  Dismiss (#11); Exhibit A to Opposition to Motion to Dismiss (#12).
10 Thus, the claim that the parole board and prison officials are
11 reviewing the wrong sentence has been fairly presented to the state's
12 highest court.
13      The respondents' final argument against exhaustion –
14 predicting yet a third motion to dismiss – that presentment of the
15 record of Klein's parole board hearings would further contribute to
16 the claim's lack of exhaustion, is also without basis in fact or law.
17 The Rules Governing 2254 Actions require that respondents provide the
18 record of the proceedings below as directed by the Court.  Rule 5; *see*
19 *also* Rule 7 of the Rules Governing Section 2254 Actions.  Moreover,
20 petitioner advises that these decisions were referenced in the
21 petition and are a part of the record presented to the state courts,
22 at least as much as could be provided by petitioner.
23      Overall, the respondents' argument regarding exhaustion
24 evidence an obstreperous attitude which does not serve this Court or
25 the interests of the parties.
26

The Court finds the claim to be exhausted and will not entertain further argument on the point.

Mootness

Respondents next argue that the action is moot because petitioner was taken before the parole board in September, 2004, thereby giving petitioner the relief he sought.

Petitioner counters that the September 2004 hearing did not address his claim fully because the parole board incorrectly considered his parole from the wrong sentence. Klein's exhibits appear to support this contention. However, the Court cannot say for certain, as respondents have failed to provide the records it was ordered to provide.

Article 3 § 2 of the United States Constitution requires that a case or controversy between parties exist in order to allow the Court jurisdiction. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). If the case or controversy dissolves, so that the Court can no longer afford redress for an existing injury, the matter becomes moot.

Thus, if the parole board provided a hearing, yet failed to consider the proper sentence, then the action is not moot. Klein specifically advised the Nevada Supreme Court that one of his issues

5

on appeal was

> Whether the district court erred when it found that Klein was not entitled to relief based on an affidavit of Respondent indicating that according to their records Klein is on a different sentence than complained in his petition, when attached to Klein's petition he provided all his parole orders which indicated that the Respondents [sic] records are incorrect.

Exhibit A, p. 2, to Opposition to [first] Motion to Dismiss.

Since this claim was not resolved by providing Klein with a parol hearing, the matter is not moot.

### Cognizable Claim

Klein contends that Nevada law provides him with a due process right to timely and regular parole hearings and to actual parole once it has been granted and ordered.

A threshold requirement to petitioner's substantive or procedural due process claim is a showing of a liberty interest, protected by the Constitution, in being paroled. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). There is no constitutional or inherent right of a convicted person to be released before the expiration of a valid sentence. *Id*.

The Ninth Circuit Court of Appeals endorses a restrictive view of *Greenholtz* and has held that a state's statutory scheme creates a liberty interest in the granting of parole only where such scheme *mandates* release unless certain clearly-defined exceptions are found to apply. *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 844 (9th Cir. 1985). State guidelines that merely place

1  parameters on the exercise of discretion in making release decisions
2  do not create a protected liberty interest. *Id*. Viewed in light of
3  these standards, the Nevada parole statutes do not create a liberty
4  interest in parole that is subject to constitutional due process
5  protection. However, once parole has been granted, such grant is a
6  liberty interest protected by the Constitution. *Greenholtz,* 442 U.S.
7  at 9.

8  Klein has presented documents that suggest that he is actually serving a different and consecutive sentence to the one the parole board most recently considered. Respondents shall be given a single opportunity to provide the complete record of petitioner's parole board hearings and decisions, and to make such arguments as they have to show that Klein's assertions are false.

**IT IS THEREFORE ORDERED** that the second Motion to Dismiss (#19) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents shall have forty-five days to file and serve their answer to the petition in this action, including the record previously ordered produced. No other response shall be acceptable.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days to file and serve a reply to the answer.

Dated, this 17th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE