# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NOLAN E. KLEIN,

    *Petitioner*,

vs.

JACKIE CRAWFORD, *et al.*,

    *Respondents*.

3:04-cv-00049-ECR-RAM

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#54) for *in camera* review of the documents filed under seal at #42. This order follows upon review of the opposition (#55) and reply (#56) memoranda by the parties.

Respondents raise three objections to production. First, respondents object to the production of all of the sealed documents on the basis of relevancy. Second, respondents object to the production of certain enumerated exhibits as privileged and confidential pursuant to an unspecified provision or provisions of the Health Insurance Portability and Accountability Act of 1996, Public Law 104-191 (HIPAA). Third, respondents object to certain enumerated exhibits as privileged and confidential pursuant to N.R.S. 213.1075 and N.R.S. 213.130.

With regard to the objection asserted under HIPAA, the Court is highly dubious, especially given the absence of citation to any specific provision of the Act, that the confidentiality provisions of the statute, to the extent that they are applicable in this context, prohibit production of covered records to the patient himself. Accordingly, on the showing and argument made, the Court rejects the objection under HIPAA.

With regard to the objection asserted under Nevada state statutory law, N.R.S. 213.1075[1] and N.R.S. 213.130,[2] it is established law that state privilege rules are inapplicable when, as in the present case, federal law supplies the rule of decision on the pertinent claim or defense. Rule 501 of the Federal Rules of Evidence provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, *the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience*. However, in civil actions and proceedings, *with respect to an element of a claim or defense as to which State law supplies the rule of decision*, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evi. 501 (emphasis added). Federal case law accordingly holds that state privilege law is inapplicable in federal question cases where federal law supplies the rule of decision. *See, e.g., N.L.R.B. v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1009 (9th Cir. 1996). This Court previously has so held with regard to a claim privilege under, *inter alia*, N.R.S. 213.1075 asserted by the Nevada State Board of Pardons in a capital habeas proceeding. *See Milligan v. E.K. McDaniel*, No. 03:03-cv-0097-JCM-VPC, 2006 WL 1285418, at *3-*4 (D.Nev., May 10,

---

[1]This Nevada state statute provides:

> Except as otherwise provided by specific statute, all information obtained in the discharge of official duty by an employee of the Division or the Board is privileged and may not be disclosed directly or indirectly to anyone other than the Board, the judge, district attorney or others entitled to receive such information, *unless otherwise ordered by the* Board *or judge* or necessary to perform the duties of the Division.

N.R.S. 213.1075 (emphasis added).

[2]This statute provides in pertinent part:

> All personal information, including, but not limited to, a current or former address, which pertains to a victim and which is received by the [state] board [of parole commissioners] pursuant to this section is confidential.

N.R.S. 213.130(8).

2006). The Court therefore rejects, on the showing and argument made, the objection raised based upon a claim of privilege under Nevada state law pursuant to N.R.S. 213.1075 and N.R.S. 213.130.

Respondents have not invoked or articulated any privilege under federal common law. The Court accordingly reviews the discoverability of the *in camera* documents solely under the relevancy standard of Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides in pertinent part that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The Court notes, however, that the material issue in this case is a narrow one, as the controlling issue on the merits is not how the board made its parole decisions nor is it why the board made its decisions. Rather, the controlling issue is what parole was granted. Moreover, the Court will enter a *sua sponte* protective order pursuant to Rule 26(c) barring production if and as necessary to protect any person, and in particular the victim of the offense, "from annoyance, embarrassment, oppression, or undue burden or expense." *See, e.g., Lesal Interiors, Inc. v. Resolution Trust Corp.*, 153 F.R.D. 552, 558 n.4 (D.N.J. 1994)(regarding district court's authority to enter a protective order *sua sponte*).

***Exhibits 35, 37, 39, 41, 43, 45, 47, 50, 52, 58, 62, 66 & 74***

These exhibits are completed psychological evaluation forms, often cursory in content, prepared by various psychologists or mental health professionals in connection with various parole consideration dates. Following review, the Court finds that these exhibits are not relevant nor would their production appear to be reasonably calculated to lead to the discovery of admissible evidence regarding what parole was granted on any date. Production of these exhibits therefore will be denied.

***Exhibits 54, 56, 60, 64, 68, 70, 72, 76, 78 & 80***

These exhibits are various documents related to parole board proceedings that either may be relevant or the production of which appears reasonably calculated to lead to the discovery of admissible evidence regarding what action was taken on the material dates. Production of these exhibits therefore will be ordered.

***Exhibit 82***

Exhibit 82 is a copy of petitioner's pre-sentence report (PSR), with some handwritten check and/or slash marks in the prior criminal history section. While petitioner otherwise may have a copy of his PSR from his criminal proceedings or files, the present document is not relevant to these proceedings nor does its production appear to be reasonably calculated to lead to the discovery of admissible evidence regarding the issues in this case, even assuming, *arguendo*, that the handwritten marks were made in connection with parole board proceedings. Production of this exhibit therefore will be denied.

***Exhibits 84 & 86***

Exhibits 84 and 86 concern the victim of the offense. The documents do not contain any content that either is relevant to the issues in this case or the production of which would appear to be reasonably calculated to lead to the discovery of admissible evidence. The Court further exercises its discretion to issue a *sua sponte* protective order pursuant to Rule 26(c) barring production of these exhibits in order to protect the victim of the offense from possible annoyance, embarrassment or oppression. Production of these exhibits therefore will be denied.

***Exhibit 88***

Exhibit 88 includes communications to the board that are not relevant nor would their production appear to be reasonably calculated to lead to the discovery of admissible evidence regarding what action was taken on any date. Production of this exhibit therefore will be denied.

***Exhibit 90***

This exhibit consists of unidentified handwritten notes. The content on Bates-numbered pages 000144, 000145, and 000150, only, of the document either is relevant or its production appears reasonably calculated to lead to the discovery of admissible evidence. However, the content of Bates-numbered pages 000146 through 000149, inclusive, does not satisfy the Rule 26(b)(1) relevancy standard and, further, production will be barred pursuant to the above-discussed *sua sponte* protective order, for the same reasons given above.

1    IT THEREFORE IS ORDERED that petitioner's motion (#54) for *in camera* review is
2  GRANTED IN PART and DENIED IN PART, such that: (a) production of Exhibits 35, 37, 39,
3  41, 43, 45, 47, 50, 52, 58, 62, 66, 74, 82, 84, 86, and 88 as well as Bates-numbered pages
4  000146 through 000149, inclusive, of Exhibit 90 of the exhibits filed under seal under #42 is
5  denied on the basis that the documents are not relevant nor would their production appear
6  to be reasonably calculated to lead to the discovery of admissible evidence; (b) the Court
7  additionally enters a *sua sponte* protective order barring production of Exhibits 84 and 86 as
8  well as Bates-numbered pages 000146 through 000149, inclusive, of Exhibit 90, for the
9  reasons assigned herein; and (c) production is ordered of Exhibits 54, 56, 60, 64, 68, 70, 72,
10  76, 78 and 80, as well as Bates-numbered pages 000144, 000145, and 000150, only, of
11  Exhibit 90, such that counsel for respondents shall file copies of said exhibits into the record
12  under seal and shall serve same within five (5) business days of entry of this order.  Counsel
13  for petitioner and petitioner thereafter shall be able to access or view copies of the documents
14  that are filed under seal in response to this order.  Such access does not include the sealed
15  filing under #42, however.

16        DATED this 27th day of December, 2006.

                                            _____
                                            Edward C. Reed
                                            UNITED STATES DISTRICT JUDGE