# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NOLAN E. KLEIN,

    *Petitioner*,

vs.

JACKIE CRAWFORD, *et al.*,

    *Respondents*.

3:04-cv-00049-ECR-RAM

ORDER

This represented habeas matter comes before the Court on the petitioner's application (#87) for a certificate of appealability (COA).

In the notice of appeal (#86), petitioner seeks to appeal the Court's December 3, 2007, order denying petitioner's motion for issuance of an unconditional writ of habeas corpus. Petitioner does not seek to appeal the final judgment entered herein on May 2, 2007. That final judgment was entered by the Clerk pursuant to a express directive by the Court in its findings of fact, conclusions of law and order to "enter final judgment accordingly." No appeal was taken from said final judgment.

The procedural history leading up to the December 3, 2007, order appealed from is set forth in further detail therein. See #85, at 1-4.

In sum, the Court's final judgment granted a conditional writ of habeas corpus under which the writ would be granted unless the State provided appropriate procedural due process with regard to the rescission, revocation or correction of 1990 and 1992 instruments that the

Court found created a protected liberty interest regarding petitioner's parole. On July 10, 2007, the Nevada Board of Parole Commissioners held a hearing where petitioner was present and represented by counsel, opening statements were heard, testimony was taken, and closing arguments were heard. Following deliberations, the Board entered findings in which it corrected the prior instruments to accord with the Board's understanding of petitioner's correct parole eligibility under his sentence structure.

Petitioner then moved on August 24, 2007, for issuance of an unconditional writ of habeas corpus. Petitioner contended that the time to correct the prior errors had passed years before, that the Board lacked the jurisdiction and authority to correct the prior errors, and that the correction of the prior errors violated the Double Jeopardy Clause. None of these arguments challenged the procedural adequacy of the notice and opportunity for a hearing provided in the July 10, 2007 hearing. All of these arguments presupposed that – regardless of the procedures provided by the Board after this Court's judgment – the State simply could not take the action taken by the Board.[1]

In denying the motion, the Court observed, *inter alia*, as follows:

> The Court entered a final judgment herein without retaining continuing jurisdiction over future disputes between the parties over later actions taken by the State in proceedings subsequent to entry of final judgment. To be sure, a far different question would be presented if the State had not provided any hearing whatsoever or had provided a hearing where petitioner was not allowed a meaningful opportunity to present evidence and argument. But that is not what petitioner argues here. None of the petitioner's arguments challenge the adequacy of the notice given or the actual hearing procedures at the July 10, 2007, hearing. Rather, all of the petitioner's arguments instead presuppose that – even with the most extensive and otherwise constitutionally adequate procedures – the Board simply could not take the action taken. Such arguments have nothing to do with the enforcement of the final judgment entered in this matter, and

---

[1] Petitioner made one of the subsidiary arguments under a subheading stating: "The Board failed to provide Klein due process at a meaningful time and in a meaningful manner." The underlying argument maintained that petitioner was denied due process because the Board was aware of the error as early as 1996 and failed to take timely action to correct the error. The argument had nothing to do with any procedural inadequacy with the July 10, 2007, hearing itself. The argument instead maintained that petitioner was entitled to an unconditional writ due to circumstances that predated both the July 10, 2007, hearing and, indeed, this Court's final judgment. See #78, at 6; see also #87, at 12-13.

-2-

> any such claims would have to be the subject of a different federal proceeding following proper exhaustion of state judicial remedies.
>
> In short, petitioner previously pursued an exhausted claim of a denial of a previously-granted parole *without* a hearing. He now seeks to pursue a claim challenging the denial of a previously-granted parole *with* a hearing. The exhaustion of the prior claim does not exhaust the subsequent claim, which is based on action by the State subsequent to the Court's judgment. Nor is the subsequent claim in any event a matter over which this Court retained continuing jurisdiction in entering final judgment herein.

#85, at 4-5 (emphasis in original).

When a district court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a COA: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made to obtain a COA, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604.

Jurists of reason would not find it debatable whether the district court was correct in the procedural ruling denying the motion for an unconditional writ. It is established law that, in cases where a federal habeas court grants a conditional writ subject to the State's ability to retry the petitioner, neither Rule 60(b) nor 28 U.S.C. § 2254 permit the federal court to maintain continuing jurisdiction over the state court retrial conducted pursuant to the conditional writ. *E.g., Pitchess v. Davis*, 421 U.S. 482, 490, 95 S.Ct. 1748, 1753, 44 L.Ed.2d 317 (1975). The situation in this case is no different. The Court issued a conditional writ subject to the State conducting a procedural due process hearing regarding possible rescission, revocation or correction of the prior instruments. Now that that hearing has been held, this Court does not have continuing jurisdiction to conduct direct *de novo* review over issues raised or arising in that proceeding. That was not the Court's intention in entering the

1 final judgment, and the Court in any event would not have had authority under the above
2 established law to maintain such continuing jurisdiction.
3   If it was the petitioner's position that he should have been entitled to an unconditional
4 writ grant regardless of any hearing that might be provided thereafter by the State, then the
5 time to pursue such a position vis-à-vis the present petition was through an appeal of the
6 Court's final judgment that instead granted only a conditional writ subject to the providing of
7 a hearing. No such appeal was taken. Otherwise, petitioner's claims challenging the action
8 taken by the Board in its July 10, 2007, hearing must be fairly presented to and exhausted in
9 the state courts. This Court did not retain jurisdiction over such claims and had no authority
10 to do so.
11   IT THEREFORE IS ORDERED that the petitioner's application (#87) for a certificate
12 of appealability is DENIED.[2]
13   The Clerk shall forward this order to the Court of Appeals in a supplemental transmittal.
14   DATED:   April 7, 2008

_____
EDWARD C. REED
United States District Judge

---

[2] Petitioner quotes *Paz v. Warden, Federal Correctional Institution*, 787 F.3d 469 (10th Cir. 1986), for the proposition that the State's compliance with a conditional writ grant will require the district court – as the case is quoted by petitioner – "to examine the content of the state's action to determine whether compliance is sufficient." #87, at 11, lines 19-20. The Tenth Circuit's *Paz* decision contains no such quote as, indeed, the case does not at all concern review under Section 2254 of action by a State. In *Paz*, the federal district court instead entertained a habeas petition under Section 2241 directed to the United States Parole Commission. Following a series of orders and proceedings, the district court ordered the Commission to notify the court within fifteen days whether it would reopen the petitioner's release hearing to consider his explanation for maintaining his innocence at the prior hearing. The Commission responded that the duty to assess the evidence of the petitioner's rehabilitation was the Commission's and that the case would not be reopened for a rehearing. Not surprisingly, the district court described the Commission's response as flaunting the prior order of the court and ordered the petitioner's immediate release on parole. The circumstances in *Paz* could not be further afield from the present case. The Court trusts that counsel in future will be more careful in quoting case authority.